IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| ARTURO GUZMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 15-2601-STA-cgc |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

ORDER TRANSFERRING SECOND AND SUCCESSIVE § 2255 MOTION
TO SIXTH CIRCUIT COURT OF APPEALS

---

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Arturo Guzman ("Guzman"), Bureau of Prisons register number 61346-080, an inmate at ICDC in Ocilla, Georgia (§ 2255 Motion, ECF No. 1.) For the reasons stated below, Guzman's § 2255 Motion is **DENIED**.

## BACKGROUND

**I.**  **Criminal Case No. 09-20074**

On February 24, 2009, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Guzman and three other men, charging them with one count of conspiring to possess with the intent to distribute not less than 5 kilograms of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1). (*See* Indictment, *United States v. Arturo Guzman*, 2:09-cr-20074-2-STA (W.D. Tenn.), ECF No. 1.) Guzman entered a plea of not guilty, and the Court appointed the Federal Public Defender to

1

represent Guzman. Thereafter, pursuant to an agreement with the United States, Guzman changed his plea to guilty at a change of plea hearing on November 30, 2009. On March 3, 2010, the Court sentenced Guzman to a term of imprisonment of 82 months to be followed by five years supervised release and imposed a special assessment of $100. (*See* Judgment, ECF No. 63.) Guzman did not take a direct appeal.

B.     Civil Case No. 11-2146

On February 24, 2011, Guzman filed a *pro se* § 2255 motion, arguing that his trial attorney had rendered ineffective assistance and that his sentence was unreasonable. (*See* § 2255 Motion, no. 11-cv-02146-STA-cgc (W.D. Tenn.), ECF No. 1.) But one of the primary issues raised by Guzman in his habeas proceedings was Guzman's position that he is a United States citizen. On May 15, 2012, Guzman filed a supplement to his § 2255 motion (ECF No. 9), in which he raised the following additional issue: whether trial counsel rendered ineffective assistance in failing to advise Guzman that a conviction in his criminal case would result in his deportation. On October 25, 2012, Guzman filed an *ex parte* motion for evidentiary hearing (ECF No. 15) "pending motion 28 U.S.C. 2255 Under Rule 8," requesting an evidentiary hearing to establish his U.S. citizenship. On February 19, 2013, Guzman also filed a motion for appointment of counsel (ECF No. 17) pursuant to 18 U.S.C. § 3006A, arguing that appointment of counsel was necessary to assist Guzman in resolving the issue of his citizenship. Then on June 28, 2013, Guzman filed a motion for "determination of citizenship § 2255" (ECF No. 20),

and on October 31, 2013, a motion to "file relevant documents regarding my citizenship status (U.S.) derived" (ECF No. 22).[1]

On November 7, 2013, the Court entered an order denying Guzman's § 2255 Motion. Concerning the immigration issue, the Court held that Guzman had raised the issue under the wrong procedure and in the wrong forum. The Court explained as follows:

> This proceeding arises under 28 U.S.C. § 2255, which addresses the legality of Movant's conviction and the sentence that was imposed. A determination that Movant is a United States citizen cannot be litigated in a § 2255 motion. The June 28, 2013 filing encloses a decision of the U.S. Citizenship and Immigration Services that Movant is not a United States citizen. (ECF No. 20 at 2-5.) That decision must be appealed administratively before it can be challenged in a civil action.[2]

The Court ultimately denied Guzman any relief under 28 U.S.C. § 2255, denied Guzman a certificate of appealability, and certified that any appeal would not be taken in good faith. Guzman did not seek a certificate of appealability from the United States Court of Appeals for the Sixth Circuit.

**C. Motion to Reduce Sentence**

On December 4, 2014, Guzman filed a *pro se* motion to reduce his sentence in his criminal case. Guzman requested a sentence reduction in light of Amendment 782, a new

---

[1] On the same dates, Guzman filed the same motions on the docket of his closed criminal case, no. 09-20074. The Court denied the motions on July 3, 2014, for the same reasons given in its order denying his § 2255 motion.

[2] The Court also noted that Guzman had filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas in 2010, which that court denied on October 15, 2012. (Order, *Guzman v. Hall*, Civil Action No. 6:10-CV-087-C (N.D. Tex.), ECF No. 15.) The Northern District of Texas held that it lacked jurisdiction to order that Guzman be naturalized, declined to issue a declaration that Guzman already was a U.S. citizen, and found no evidence that Guzman had pursued the correct administrative remedies to appeal the decision of U.S. Immigration and Customs Enforcement.

3

amendment to the United States Sentencing Guidelines. (*See* Motion to Reduce, *United States v. Arturo Guzman*, 2:09-cr-20074-2-STA (W.D. Tenn.), ECF No. 219.) Guzman argued that he was entitled to a 6-month reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and that the reduced sentence would make him eligible for release on November 1, 2015. Guzman went on to argue that he is, in fact, a U.S. citizen. As such, Guzman believed that he should eligible for release to a halfway house even sooner than November 1, 2015. The Court referred Guzman's motion to the Federal Public Defender for a recommendation. On February 3, 2015, the Court entered an order granting Guzman's motion and reduced Guzman's sentence from 82 to 66 months, though the Court did not address Guzman's claim about his U.S. citizenship or his request for release to a halfway house. (*Id.*, ECF No. 229.)

**D. Civil Case No. 15-2601**

On September 11, 2015, Guzman filed a second *pro se* § 2255 motion, arguing that the Federal Public Defender had rendered ineffective assistance in connection with his motion to reduce sentence. According to Guzman, after he filed his *pro se* motion to reduce sentence on December 4, 2014, he received a letter from the Federal Public Defender on December 14, 2014.[3] Guzman claims that he instructed the Federal Public Defender not to file on his behalf a motion to reduce his sentence unless the FPD also raised Guzman's citizenship claim but that the Federal Public Defender did so anyway. Guzman further claims that his brother Marco Guzman discussed the citizenship issue with the Federal Public Defender. Guzman asserts that he was resentenced without a determination about his citizenship and that he will now be deported upon his release from custody. Guzman states that his second § 2255 Motion is timely because he was

---

[3] Guzman's Motion actually states that he received the letter on December 14, 2015. The Court assumes that Guzman inadvertently listed the date as 2015, when he meant 2014.

4

"resentenced" on February 3, 2015. Guzman also discloses that he filed a motion for relief under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Georgia. No decision has been reached as to that motion. In his prayer for relief, Guzman requests that the Court resentence him with his "U.S. citizenship application documents to prove independently."

Since the filing of Guzman's second § 2255 Motion, the Court has received a number of letters from Guzman's family members in support of his petition, including a letter from Guzman's sixteen-year old son E.G. (ECF No. 3) and his spouse Sylvia Hernandez (ECF No. 4). Other letters from Guzman's family have been filed on the docket of his criminal case, no. 09-20074-2-STA, including a letter from Guzman's older sister Elizabeth Guzman (ECF No. 235), his brother Marco Antonio Guzman (ECF No. 236), and his daughter A.G. (ECF No. 237).

On October 14, 2015, Guzman filed a *pro se* petition for writ of mandamus (ECF No. 6) with the Sixth Circuit Court of Appeals, seeking relief on his second § 2255 Motion.

## STANDARD OF REVIEW

Guzman seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

fact or law that was so fundamental as to render the entire proceeding invalid."[4] A § 2255 motion is not a substitute for a direct appeal.[5] "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."[6] "Defendants must assert their claims in the ordinary course of trial and direct appeal."[7] The rule, however, is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.[8]

Procedural default bars even constitutional claims that a defendant could have raised on direct appeal, but did not, unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise the issues previously.[9] Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence."[10]

---

[4] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[5] *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *see also Sunal v. Lange*, 332 U.S. 174, 178 (1947).

[6] *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

[7] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

[8] *Id.*

[9] *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

[10] *Bousley v. United States*, 523 U.S. 614, 662 (1998); *Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011).

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[11] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[12] The petitioner is then entitled to reply to the government's response.[13] The habeas court may also direct the parties to provide additional information relating to the motion.[14] The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[15]

## ANALYSIS

The Court holds that Guzman has not shown any entitlement to relief from this Court under 28 U.S.C. § 2255. For the reasons the Court explained in its order denying Guzman's first § 2255 motion, a proceeding under 28 U.S.C. § 2255 is limited to the legality of a conviction and the sentence that was imposed. Although it is true that Guzman now seeks relief based on counsel's failure to raise the citizenship issue, the fact remains that Guzman's citizenship cannot be litigated in a § 2255 motion. In any event, the Court need not reach the merits of Guzman's § 2255 Motion because the Court lacks the authority to consider a second, successive petition under § 2255.

Under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a

---

[11] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[12] *Id*.

[13] Rule 5(d), Section 2255 Rules.

[14] Rule 7, Section 2255 Rules.

[15] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."[16] A petitioner bringing a second, successive motion under § 2255 must first make a motion under 28 U.S.C. § 2244(b)(3) in the Court of Appeals "for an order authorizing the district court to consider the application."[17] Under § 2255(h), a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[18]

This Court has already determined the legality of Guzman's sentence in a prior case, civil case number 11-2146-STA-cgc, where Guzman first sought relief under § 2255. As such, Guzman's § 2255 Motion filed in September 2015 is a second or successive petition. However, Guzman has not shown that he made a motion for § 2244(b)(3) authorization with the Sixth Circuit prior to filing his second § 2255 Motion with this Court. "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631."[19] Under the circumstances, the Court must transfer Guzman's second, successive petition to the Sixth Circuit.

---

[16] 28 U.S.C. § 2244(a).

[17] § 2244(b)(3).

[18] § 2255(h).

[19] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

Guzman argues that his second § 2255 Motion is timely because the Court "resentenced" Guzman in February 2015 and reduced his term of incarceration under 18 U.S.C. § 3582(c)(2).[20] The Court finds that Guzman's claim does not alter the fact that his §2255 Motion is a second, successive petition. First, the Court reduced Guzman's sentence but did not resentence him. A court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[21] But a sentence reduction under 18 U.S.C. § 3582(c)(2) is not a "resentencing."[22] "A sentence reduction under 18 U.S.C. § 3582(c)(2) . . . is not a plenary resentencing—it is an exception to the rule that plenary sentences under § 3553 are final."[23] In granting Guzman's motion to reduce his sentence, the Court did not convene a plenary resentencing, reconvene Guzman's earlier sentencing hearing, or even enter an amended judgment. Guzman's characterization of his sentence reduction as a "resentencing" is unavailing.

Moreover, the Court's decision to reduce Guzman's sentence did not create for him a fresh chance to file a § 2255 motion. The Sixth Circuit has not addressed the precise issue of

---

[20] "A motion filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations, with the limitations period beginning to run from the latest of four possible dates." *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (quoting *Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008)). Because the Court concludes that Guzman's is a second or successive petition under § 2255, the Court need not reach the timeliness of the Motion.

[21] 18 U.S.C. § 3582(c)(2).

[22] *Dillon v. United States*, 560 U.S. 817, 825-26 (2010) (describing a proceeding under § 3582(c)(2) as a reduction in sentence, and not a "resentencing").

[23] *United States v. Doe*, 731 F.3d 518, 526 (6th Cir. 2013).

whether a reduction in sentence under § 3582(c)(2) resets the statute of limitations and the motion count for a defendant to file a § 2255 motion where the defendant has already filed a § 2255 motion. However, both the Seventh Circuit and the Fifth Circuit have concluded that a sentence reduction under § 3582(c)(2) does not reset the time limit or the motion count so as to allow a defendant to file a second or successive § 2255 motion.[24] The Court finds the reasoning of these other Circuits to be persuasive. Guzman has already filed a motion for relief under § 2255, and the Court's decision to reduce Guzman's sentence based on an amendment to the Sentencing Guidelines did not reset his habeas petition count. Therefore, the Court concludes that Guzman's is a second or successive petition under § 2255, subject to the requirements of 28 U.S.C. § 2244(b)(3).

Without certification from the Sixth Circuit allowing the Court to take up Guzman's petition, the Court lacks authority to consider Guzman's second, successive § 2255 Motion. Therefore, under *United States v. Sims* and 28 U.S.C. § 1631, it is hereby ORDERED that the Clerk transfer the Motion to the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date: November 17, 2015.

---

[24] *White v. United States*, 745 F.3d 834, 836 (7th Cir. 2014); *United States v. Jones*, 796 F.3d 483 (5th Cir. 2015).